UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:24-CR-12-GSL/JEM |
| ) | |
| ADAM LEE TAYLOR ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Zachary D. Heater, Assistant United States Attorney, and the defendant Adam Lee Taylor, and his attorney Joseph M. Roberts, and show the Court they have entered into a plea agreement as follows:

1. I, Adam Lee Taylor, can read, write, and speak the English language.

2. I have received a copy of the Indictment filed in this case. I have read and discussed it with my lawyer, and I believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in each count of the Indictment and believe and feel that my lawyer is fully informed as to all such matters.

1

My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

- a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

- b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

- c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

- d. At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I

would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence on my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

e.  At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify on my own behalf.

f.  At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

g.  In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

a.  I will plead guilty to Count 1 of the Indictment charging me with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). I am pleading guilty to this charge because I am in fact guilty of this offense.

b.  I understand that the maximum possible penalties I face for my conviction on Count 1 are as follows:

| Prison | Supervised Release |
|---|---|
| 5 to 20 years | 5 years to life |
| § 2259A Assessment | § 3014 Assessment |
| $35,000 | $5,000 |

I understand that a term of imprisonment of at least five years is mandatory upon conviction of Count 1.

I also understand that a fine of up to $250,000 may be imposed on the count of conviction.

I also understand that a special assessment of $100 will be imposed for the count of conviction in addition to any other penalty imposed and the $100 special assessment is due and payable prior to my sentencing hearing.

I also understand that under a term of supervised release, I would have to live my life under certain conditions set by the Court and should I violate any of those conditions, the Court could revoke the supervised release and sentence me to serve an additional term of imprisonment.

c.  The United States Attorney and I have entered into the following agreement which <u>IS BINDING</u> upon the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. I understand this means that if the Court does not to accept the agreement set forth below, then the Court will notify me that it has rejected this plea agreement and afford me the opportunity to then withdraw my plea of guilty. I further understand if I then persist in my guilty plea, the disposition of the case may be less favorable to me than that contemplated by this plea agreement.

   i. The United States Attorney and I agree that, based upon the facts of this case, and with full consideration of any factors to be considered under 18 U.S.C. § 3553(a), the Court will impose a sentence of imprisonment no greater than the low-end of the applicable Guidelines range as determined by the Court at sentencing.

 d. The United States Attorney and I have also entered into the following agreements which <u>ARE NOT BINDING</u> upon the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. I understand this means that if the Court refuses to follow the recommendations set forth in this paragraph, I will not be allowed to withdraw my guilty plea. I also understand that these additional agreements, which address how the U.S. Sentencing Guidelines ("U.S.S.G.") apply to my conduct, are based upon the information presently available to the United States Attorney. If new information comes to light which bears upon these matters, I understand that the government is obligated to provide that information to the Court, and I agree not to argue that the government's compliance with that obligation constitutes a violation of this plea agreement. Further, I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history.

   i. For purposes of calculating the U.S. Sentencing Guidelines, the parties agree that the following offense level calculations apply to me (based upon the November 1, 2023 Guidelines Manual):

    a. My base offense level under U.S.S.G. § 2G2.2(a)(2) is 22.

    b. The following enhancements apply to my conduct:

     i. 2G2.2(b)(2) applies because the material I distributed involved a prepubescent minor or a minor who had not attained the age of 12 (+2 levels);

      ii. 2G2.2(b)(4) applies because my offense involved material that portrays the sexual abuse or exploitation of an infant or toddler (+4 levels);

      iii. 2G2.2(b)(6) applies because my offense involved the use of a computer (+2 levels); and

      iv. 2G2.2(b)(7)(C) applies because my offense involved at least 300 images (+4 levels).

    c. At minimum, section 2G2.2(b)(3)(F) applies because I knowingly engaged in distribution of child pornography (+2 levels). The parties agree and understand that the government may argue at sentencing for the application of a greater enhancement under section 2G2.2(b)(3).

ii. Finally, the United States Attorney agrees that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a 2-level reduction in offense level. The United States Attorney and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional 1 level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

e. Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure and in exchange for my guilty plea, the United States Attorney agrees after the Court imposes my sentence to move to dismiss Count 2 of the Indictment, which charges me with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). I understand that the facts underlying Count 2 may be relevant to my sentencing guidelines calculation and my sentence.

f. I agree to pay restitution to the victims of Counts 1 and 2 in an amount to be determined by the Court, pursuant to 18 U.S.C. § 2259. Further, in addition to any fine or assessment under 18 U.S.C. §§ 2259A and 3014, the United States Attorney and I agree that I shall be ordered, pursuant to 18 U.S.C. §§ 2259 and 3663(a)(3), to pay at least $3,000 in restitution to any victim identified in the child pornography images or videos found in my possession who seeks restitution. I acknowledge that restitution shall be due immediately and paid pursuant to a schedule set by the Court at sentencing. I understand that a payment schedule imposed by the Court establishes only a minimum obligation and does not preclude the United States Attorney's Office from pursuing any other means to collect the restitution judgment pursuant to federal and state law.

g. I expressly authorize the U.S. Attorney's Office to immediately obtain a credit report in order to evaluate my ability to satisfy any financial obligation imposed by the Court. I agree to submit within 30 days of the filing of this plea agreement a completed financial statement to the U.S. Attorney's Office in a form it provides and as it directs. I promise that the financial statement and disclosures will be complete, accurate and truthful, and I understand that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine. If deemed necessary by the U.S. Attorney's Office, I agree to submit, prior to sentencing, to an examination under oath on the issue of my ability to pay restitution.

h. I agree to forfeit to the United States the following property:

- OnePlus 7T smart phone Model HD 1907 with IMEI 990013830201997
- Samsung Galaxy S7 smart phone with IMEI 359755078022502

I acknowledge that this constitutes property subject to forfeiture as property that was used and intended to be used to commit and to promote the commission of the offenses charged in the Indictment.

I further agree that all data shall be completely erased from the following devices before being returned to me, and that if such erasure cannot be accomplished to the satisfaction of the government, then I will abandon all right, title, and interest in any of the property listed below, and agree not to contest or object to the forfeiture of such property, whether such forfeiture is criminal, civil, judicial, or administrative. I will also vest title to such property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. I waive any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property. The waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property. I further agree to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the below property.

- Acer Chromebook with Serial Number NXHKCAA008141212997611
- Seagate solid state hard drive with Serial Number NABDQHTC
- HP ProBook 640 GT laptop with Serial No. MXL6491N1Q

        I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

i. I understand that by pleading guilty, I will be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). I also understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I shall keep my registration current, shall notify the state sex offender registration agency or agencies of any change to my name, place of residence, employment, or student status, or other relevant information. I shall comply with requirements to periodically verify in person my sex offender registration information. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If I reside in Indiana following release from prison, I will be subject to the registration requirements of I.C. § 11-8-8-7. I further understand that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon my release from confinement following conviction.

j. I understand as a condition of supervised release, I shall initially register with the state sex offender registration in Indiana, and I shall also register with the state sex offender registration agency in any state where I reside, am employed, work, or am a student, as directed by the Probation Officer. I shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update my registration information. I shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

k. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in

consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Count One of the Indictment. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

> On or about November 8, 2022, in the Northern District of Indiana, I knowingly distributed at least six videos to the members of a group message using an online messaging application. I distributed those videos using the internet and with the use of a computer.
>
> At least four of the videos I distributed contained child pornography depicting minor children, including one or more infants or toddlers, engaged in sexually explicit conduct. Among others, I distributed a video depicting an adult male masturbating and ejaculating on the face of a sleeping infant, a video depicting an adult male fondling a toddler's penis in a bathtub, and a video depicting two prepubescent boys simulating anal sex and performing other sex acts on each other.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.


*/s/ Adam Lee Taylor*  */s/ Joseph M. Roberts*
Adam Lee Taylor  Joseph M. Roberts
Defendant  Attorney for Defendant


APPROVED:

CLIFFORD D. JOHNSON
United States Attorney


By:  */s/ Zachary D. Heater*
 Zachary D. Heater
 Assistant U. S. Attorney